UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HOLIDAY OLJII ANNA PEDOTTI, II,

Plaintiff,

-against-

VLADIMIR VALDIMOROVICH PUTIN, et al.,

Defendants.

22-CV-6220 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Holiday Oljii Anna Pedotti, who is appearing *pro se*, filed this action asserting claims of domestic terrorism, torture and civilian attacks by space station personnel, government theft and mutiny, and human experimentation. She names as defendants several political figures including Russian President Vladimir Putin, former Russian President Mikhail Gorbachev, former United States Presidents Donald Trump, Barack Obama, George W. Bush, and George H.W. Bush, as well as various political organizations, such as the United Nations, and private organizations focused on space research. After filing her complaint, Plaintiff submitted approximately 40 documents to the court, including two motions to amend her complaint.

By order dated September 30, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons discussed below, the Court dismisses Plaintiff's action.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a

complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Twombly*, 550 U.S. 544; *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff brings this action asserting claims against Russian President Putin, several former presidents of the United States, and other international figures and organizations. She alleges the following:[1]

---

[1] The Court quotes from the complaint verbatim and all emphasis and capitalization are from the original.

1. "United States with Directive coming from KREMLIN committed TORTURE and TERRORISM on a U.S. CITIZEN while numerous AGENCIES, DIPLOMATIC ORGANIZATIONS and MEDIA AIDING AND ABETTING."

2. "I am a U.S. Natural Born Citizen."

3. "I Do NOT and did NOT work in Intelligence for any Government Agency."

4. "I Formed a HUMANITARIAN FOCUSED S.W.F. in JANUARY 2022 and it was Stolen and Laundered by the United Nations."

5. "Persons listed as Defendants Materially Tortured and Experimented on me, and any other persons not listed may be added as discovered. I am the Sole Plaintiff and have worked and acted alone and on my own behalf, Solely and Specifically, namely in Diplomatic Circles known as << VIENNA KLAINGUTI >>."

6. "Gloria Starr Kins informed me that the United Nations laundered my S.W.F. through 20,000 Non-profit agencies or Organizations."

7. "This Filing is a Series of MULTIPLE CLAIMS, and this is the THIRD CLAIM in the Series of CLAIMS[.]"

(ECF 1, at 31.)

Plaintiff styles this submission as a civil rights action, but except for the allegations set forth above, the majority of the complaint contains excerpts from the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the federal law that amended the federal *habeas corpus* statutes in the United States.

## DISCUSSION

**A.     Dismissal of Plaintiff's complaint as frivolous**

Plaintiff's complaint, even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, is largely conclusory. Plaintiff provides no facts to support her

3

assertions; accordingly, there is no predicate on which this Court can evaluate her claims. Indeed, the complaint provides no facts suggesting that the alleged actions of Defendants are even possible. Allegations such as these are legally classified as frivolous. *See Denton*, 504 U.S. at 33 ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."). The Court therefore dismisses Plaintiff's complaint as frivolous because it lacks a basis in law or fact. *See Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (holding that dismissal is appropriate when factual allegations are "fanciful, fantastic, or delusional" (citation and internal quotation marks omitted)).

**B.     Leave to amend is denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

**C.     Litigation history**

By order dated August 16, 2022, in this and in other *pro se* actions Plaintiff has filed in this court, the Court directed Plaintiff to stop sending emails to the court's filing inbox that attempt to submit exhibits without an accompanying letter or motion. (ECF 5.) In an order issued on September 26, 2022, in another of Plaintiff's *pro se* actions filed in this court, the Court warned Plaintiff "that further nonmeritorious or frivolous litigation in this court may result in an order barring her from filing any new action without prior permission." *Pedotti v. Mount Sinai*, ECF 1:22-CV-6199, 16 (S.D.N.Y. Sept. 26, 2022). One day later, on September 27, 2022, in another of Plaintiff's *pro se* actions that she has filed in this court, the Court issued another order

4

with the same warning. *Pedotti v. Grand Lodge of the State of New York*, ECF 1:22-CV-6296, 18 (S.D.N.Y. Sept. 27, 2022). All of these warnings remain in effect.

## CONCLUSION

The Court dismisses this action as frivolous under 28 U.S.C. § 1915(b)(2)(i).

The Court denies all of Plaintiff's pending motions and requests filed in this action as moot. The Court therefore directs the Clerk of Court to terminate all pending motions in this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court also directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:  October 25, 2022
        New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge